UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO.: 14-cv-22529-LENARD/GOODMAN**

FEDERAL DEPOSIT INSURANCE
CORPORATION AS RECEIVER
FOR INDYMAC BANK, F.S.B.,

   Plaintiff,

v.

FIDELITY NATIONAL TITLE INSURANCE
COMPANY, et al.,

   Defendants.
_____/

## DISCOVERY HEARING ORDER

This Cause is before the Undersigned on the parties' various discovery disputes raised in Defendant Fidelity National Title Insurance Company's ("Fidelity") Second Amended Notice of Hearing[1] filed on May 27, 2015. [ECF No. 56]. The Court held a hearing on June 8, 2015 (the "Hearing") to address the issues. For the reasons set forth at the Hearing,[2] it is **ORDERED** and **ADJUDGED** that:

---

[1] Technically speaking, parties cannot file discovery motions, as the discovery procedures order [ECF No. 20] prohibits written discovery motions. Rather, the parties are directed to place the discovery dispute on the Undersigned's discovery calendar if they are unable to resolve the discovery dispute after conferring.

[2] If any party appeals this Order to the District Court, then the transcript of the hearing will need to be ordered, as it outlines the Undersigned's reasoning.

1

1) Plaintiff's response to **Fidelity's Interrogatory Number 7** is insufficient. First, Plaintiff shall, by June 12, 2015, provide the specific date requested, not just the month. Second, the remainder of the answer provided is also patently inadequate. If referring to documents, Plaintiff must at least provide the Bates numbers and some context to the reference. Therefore, Plaintiff shall, by June 12, 2015, provide a better, more substantive answer to the interrogatory.

2) Plaintiff's answer to **Fidelity's Interrogatory Number 16** is insufficient. Plaintiff shall, by June 12, 2015, provide a better supplemental answer to this interrogatory. The amended response shall identify all IndyMac employees who were involved in any way with the two subject loans at issue from the application process through underwriting through post-closing. Plaintiff shall provide these individuals' current address and employment (if available), and at minimum, the last known address. Further, Plaintiff shall provide the last known address of Lynette Meis and "V. Garcia" (including Garcia's first name as well).

3) Plaintiff's answer to **Fidelity's Interrogatory Number 17** is insufficient. Plaintiff shall, by June 12, 2015, provide a better supplemental answer that gives Defendant some general understanding of the documents that plaintiff refers to.

4) Fidelity's request to compel Plaintiff to turn over more documents concerning **Fidelity's Request for Production Number 2** is denied based on Plaintiff's

representation that all non-privileged, responsive documents have already been produced.

5) Fidelity's request to compel Plaintiff to turn over documents in response to **Fidelity's Request for Production Number 3** is denied based on Plaintiff's representation that no such non-privileged, responsive documents exist.

6) Fidelity's request to compel Plaintiff to turn over more documents concerning **Fidelity's Request for Production Number 4** is denied based on Plaintiff's representation that all non-privileged, responsive documents have already been produced.

7) Fidelity's request to compel Plaintiff to turn over more documents concerning **Fidelity's Request for Production Number 6** is denied based on Plaintiff's representation that all non-privileged, responsive documents have already been produced.

8) Federal Rule of Civil Procedure 37(a)(5) requires the Court to award expenses, including fees, unless an exception (such as the existence of a substantially justified, albeit losing, discovery position) applies to the discovery dispute and ruling. As the Undersigned explained at the Hearing, Plaintiff's responses to Fidelity's Interrogatories 7, 16 and 17 were patently inadequate and without justification.

Accordingly, Fidelity is awarded $500.00 in attorney's fees, to be paid jointly by Plaintiff and its counsel.[3]

Payment shall be made by June 19, 2015, and Plaintiff shall submit an affidavit or declaration in the Undersigned's e-file inbox (goodman@flsd.uscourts.gov), **not CM/ECF**, confirming the payments, within **three** days of making the payment.

**DONE AND ORDERED** in Chambers, in Miami, Florida, June 9, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All Counsel of Record

---

[3] At the Hearing, the Undersigned initially imposed a $1,000.00 cost-shifting award. Upon further consideration, the Undersigned reduces the total award to $500.00.

The Undersigned does not consider a Rule 37(a)(5)(A) expense-shifting award to be a sanction, or the imposition of discipline, or an indication that anyone acted in bad faith. Rather, it is merely a **consequence** of taking certain unsuccessful discovery positions. Thus, this Order would not require FDIC's counsel to answer "yes" if ever asked (e.g., by a prospective employer, by an insurance carrier, by a judicial nominating commission, by a client, or by a prospective client) if he had ever been sanctioned or disciplined.